UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-08449-ODW (PDx) | Date | October 9, 2025 |
|---|---|---|---|
| Title | *Alma Delia Chavez v. General Motors LLC et al* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:**           **In Chambers**

   On March 5, 2025, Plaintiff Alma Delia Chavez initiated this action against Defendant General Motors ("GM") LLC in state court. (Notice of Removal, Ex. A ("Compl."), ECF No. 1-1.) In her Complaint, Chavez alleges, among other things, breach of express and implied warranties and violations of the Song-Beverly Warranty Act. (*Id.*) Chavez seeks recission of the contract; restitution; attorneys' fees; civil penalties; and general, special, and incidental damages. (*Id.*, Prayer.) On September 5, 2025, GM removed the action to this Court based on diversity jurisdiction. (Notice Removal ("NOR"), ECF No. 1.) On September 24, 2025, the Court ordered the parties to show cause why this action should not be remanded for failing to satisfy the amount-in-controversy requirement for diversity jurisdiction. (ECF No. 8.) On October 3, 2025, Chavez filed a motion to remand the case. (Mot. Remand, ECF No. 14.) On October 8, 2025, GM filed a response to the Court's Order to Show Cause ("OSC"). (Resp., ECF No. 15.)

   Upon review of GM's Notice of Removal and both parties' responses to the Court's OSC, the Court finds GM fails to establish that the amount in controversy exceeds $75,000. Accordingly, the Court **REMANDS** the action and **DENIES** Chavez's motion as **MOOT**. (ECF No. 14.)

   Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in a state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action presents a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-08449-ODW (PDx) | Date | October 9, 2025 |
|---|---|---|---|
| Title | *Alma Delia Chavez v. General Motors LLC et al* | | |

federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. Accordingly, a defendant may remove a case from state court to federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of federal question or diversity jurisdiction. Diversity jurisdiction requires complete diversity of citizenship among the adverse parties and an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id.*

Here, GM argues that Chavez's potential damages exceed $75,000 because the Song-Beverly Act allows a plaintiff to recover the price paid for the vehicle in the form of restitution, plus up to twice the compensatory damages in civil penalties. (Def.'s Resp. 3–4.) GM asserts that Chavez's actual damages in controversy total at least $45,880.34, including a mileage offset. (*Id.*) GM also contends that because Chavez "is seeking civil penalties," the amount in controversy should include the "maximum civil penalt[y]," which would "bring[] the total damages to $137,641.02. (*Id.* 6–9.) Finally, GM contends that based on its experience with Chavez's counsel, "it would be appropriate to include at least $15,000 in future attorney fees in addition to past fees." (*Id.* at 10.)

First, GM's inclusion of civil penalties to establish the amount in controversy is highly speculative and insufficient to meet its burden. "A plaintiff who establishes that a violation of the [Song-Beverly] Act was willful may recover a civil penalty of up to two times the amount of actual damages." *See* Cal. Civ. Code § 1794(c). However, "[t]he civil penalty under California Civil Code § 1794(c) cannot simply be assumed." *Castillo v. FCA USA, LLC*, No. 19-cv-151-CAB-MDD, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019); *Estrada v. FC US LLC*, No. 2:20-cv-10453-PA (JPRx), 2021 WL 223249, at *3 (C.D. Cal. Jan. 21, 2021) (collecting cases and remanding where defendant's inclusion of civil penalties to establish the amount in controversy was "too speculative and are not adequately supported by the facts and evidence"). GM fails to establish that inclusion of civil penalties is appropriate, and the Court declines GM's invitation to disregard the many courts that have found the same.

Next, GM fails in its burden with respect to attorneys' fees. To support this argument, GM points to its experience with Chavez's counsel and a similar case with Chavez's counsel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-08449-ODW (PDx) | Date | October 9, 2025 |
|---|---|---|---|
| Title | *Alma Delia Chavez v. General Motors LLC et al* | | |

(Resp. 10; Decl. Brady O'Bryan ISO Resp. ¶ 4, ECF No. 15-1.) Without deciding whether GM's argument is legally sufficient, the Court notes that adding $15,000 in attorneys' fees to $45,880.34 (the actual damages in controversy here) still comes short of the $75,000 threshold. This plainly does not satisfy GM's burden.

GM's failure to establish that inclusion of civil penalties is appropriate dooms federal subject matter jurisdiction in this case. *See Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.")[1]. The actual damages in controversy in this case total $45,880.34, and even if the Court added attorneys' fees, this still falls short of GM's burden to establish the requisite $75,000. *See* 28 U.S.C. § 1332(a). Accordingly, the Court **REMANDS** this case to the Superior Court of the State of California, County of Los Angeles, 111 North Hill Street, Los Angeles, CA 90012, Case No. 25STCV06155.

All dates are **VACATED**. The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

:   00

Initials of Preparer   SE

---

[1] GM dedicates two pages to discussing *Gaus*. (Resp. 1–3.) However, it is unclear to the Court what GM's purpose was, and how its treatment of *Gaus* requires a different result in this case. For the avoidance of doubt: GM has not shown, by a preponderance of the evidence, that subject matter jurisdiction exists here. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007).